# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **CHARLES IORG,**<br><br>       **Plaintiff,**<br><br>**v.**<br><br>**CAROLYN W. COLVIN, Acting Commissioner of Social Security,**<br><br>       **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:13-cv-199-PMW**<br><br><br>**Magistrate Judge Paul M. Warner** |

All parties in this case have consented to United States Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Charles Iorg's ("Plaintiff") motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 13.

[2] *See* docket no. 29.

## BACKGROUND

In October 2010, Plaintiff applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id*. §§ 1381-1383f, alleging disability beginning in January 2009.  Plaintiff's applications were denied initially and upon reconsideration.[3]  On June 4, 2011, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[4] and that hearing was held on August 1, 2012.[5]  On August 30, 2012, the ALJ issued a written decision denying Plaintiff's claims for DIB and SSI.[6]  On February 14, 2013, the Appeals Council denied Plaintiff's request for review,[7] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On March 21, 2013, Plaintiff filed his complaint in this case seeking judicial review of the Commissioner's final decision.[8]  On June 23, 2014, this court issued a memorandum decision and order ("Order") reversing the Commissioner's final decision and remanding this case for further administrative proceedings.[9]  Although Plaintiff raised numerous challenges to the ALJ's

---

[3] *See* docket no. 17, Administrative Record ("Tr. ____") 29-30, 32-33, 40-52.

[4] *See* Tr. 53-54.

[5] *See* Tr. 542-566.

[6] *See* Tr. 12-28.

[7] *See* Tr. 4-6.

[8] *See* docket no. 3.

[9] *See* docket no. 27.

decision on appeal, the court addressed only one issue in the Order because it was dispositive of Plaintiff's appeal.  The court concluded that the ALJ erred by failing to provide any analysis concerning the weight he assigned to the opinions of Dr. Steven Barney, Ph.D. ("Dr. Barney"), as required by the relevant regulations and Tenth Circuit case law.  *See* 20 C.F.R. §§ 404.1527(c), 416.927(c); *see also Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004).  The judgment in this case was entered on June 23, 2014.[10]

On August 26, 2014, Plaintiff filed the motion for attorney fees currently before the court.  Along with the motion, Plaintiff filed a copy of the attorney fee agreement Plaintiff and his counsel both signed.  In that agreement, Plaintiff assigned his right to any EAJA attorney fees to his counsel.  The Commissioner opposes Plaintiff's motion.

## ANALYSIS

The EAJA provides for an award of attorney fees and other expenses to a prevailing party, as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

> [T]he Commissioner ha[s] the burden of proof to show that [his] position was substantially justified.  The test for substantial justification in this circuit is one of reasonableness in law and fact.

---

[10] *See* docket no. 28.

> Thus, the [Commissioner's] position must be justified to a degree
> that could satisfy a reasonable person.  The [Commissioner's]
> position can be justified even though it is not correct.

*Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quotations and citations omitted).  In

determining whether the Commissioner's position was substantially justified, the court must

examine both the underlying agency's conduct and the Commissioner's defense of that conduct

on appeal in the district court.  *See* 28 U.S.C. § 2412(d)(2)(D).

The EAJA also provides that

> [a] party seeking an award of fees and other expenses shall, within
> thirty days of final judgment in the action, submit to the court an
> application for fees and other expenses which shows that the party
> is a prevailing party and is eligible to receive an award under this
> subsection, and the amount sought, including an itemized
> statement from any attorney or expert witness representing or
> appearing in behalf of the party stating the actual time expended
> and the rate at which fees and other expenses were computed.  The
> party shall also allege that the position of the United States was not
> substantially justified.  Whether or not the position of the United
> States was substantially justified shall be determined on the basis
> of the record (including the record with respect to the action or
> failure to act by the agency upon which the civil action is based)
> which is made in the civil action for which fees and other expenses
> are sought.

*Id*. § 2412(d)(1)(B).  The thirty-day period for applying for attorney fees under the EAJA runs

from the date the judgment is final and not appealable.  *See id*. § 2412(d)(2)(G).

In his motion, which was filed within the requisite thirty-day period referenced above,

Plaintiff argues that she is entitled to an award of $4919.19 for attorney fees pursuant to the

EAJA and has included the required itemized statement of fees.  Plaintiff asserts that he is the

prevailing party and that the position of the Commissioner in this case was not substantially

justified.  Plaintiff further contends that the fees sought are reasonable.

4

In response, the Commissioner does not argue that Plaintiff is not the prevailing party or that there are special circumstances that make an award of fees unjust.  Instead, the Commissioner argues that her position in this case was substantially justified.  The Commissioner contends that she was substantially justified in arguing that the ALJ's failure to provide any analysis concerning the weight he assigned to the opinions of Dr. Barney constituted harmless error.  The Commissioner further argues that the ALJ's analysis of another treating source's opinions applies with equal weight to the opinions of Dr. Barney.  Finally, the Commissioner argues that if attorney fees are to be awarded in this case, they should be awarded directly to Plaintiff, not to Plaintiff's counsel.

The court has determined that the Commissioner's argument concerning substantial justification is without merit.  While it is true that the Commissioner's position can be justified even if it is not correct, *see Hackett*, 475 F.3d at 1172, the court has determined that principle does not apply here.  Dr. Barney's opinions were rendered after a thorough psychological evaluation of Plaintiff.  In the court's view, those opinions were required to weighed by the ALJ as a medical opinion in accordance with the relevant regulations.  *See* 20 C.F.R. §§ 404.1527(c), 416.927(c); *see also Langley*, 373 F.3d at 1119.  As for the Commissioner's argument that the ALJ's failure to analyze the opinions of Dr. Barney constituted harmless error, the court concludes, as it did in the Order, that said argument is speculative in nature and an improper post-hoc attempt to justify the ALJ's decision.  *See, e.g.*, *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007); *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005).  Moreover, because the Commissioner relies upon new legal arguments that are based on reasoning not explicitly relied on by the ALJ, the court concludes that the Commissioner's position on appeal is not

substantially justified.  *See Hackett*, 475 F.3d at 1175.  With respect to the Commissioner's

argument that the ALJ's analysis of another treating source's opinions applies with equal weight

to the opinions of Dr. Barney, the court concludes that it is without merit.  Again, such an

argument is speculative in nature and an improper, post-hoc attempt to justify the ALJ's decision.

*See, e.g.*, *Haga*, 482 F.3d at 1207-08; *Grogan*, 399 F.3d at 1263.  Further, that argument again

relies upon a new legal argument that is based on reasoning not explicitly relied on by the ALJ.

*See Hackett*, 475 F.3d at 1175.  For those reasons, the court concludes that the Commissioner's

position with respect to Dr. Barney's opinions was not substantially justified, either at the agency

level or on appeal.

Having determined that the Commissioner's position was not substantially justified, the

court turns to the issue of the payment of attorney fees under the EAJA in this case.  The court

concludes that the award of attorney fees under the EAJA must be paid to directly to Plaintiff,

rather than to Plaintiff's counsel.  That conclusion is consistent with case law from the Tenth

Circuit.  *See Brown v. Astrue*, 271 Fed. App'x 741, 743 (10th Cir. 2008) (unpublished) ("The

district court correctly held that [the plaintiff's] assignment of his right in the fees award to

counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing

party, and the fees belong to him.  Thus, the district court correctly declined to award the fees

directly to counsel."); *Manning v. Astrue*, 510 F.3d 1246, 1249-55 (10th Cir. 2007) (holding

based on statutory language, legislative history, and case law, that an attorney fee award under

the EAJA is to the prevailing party and not to the prevailing party's counsel).  Notably, in his

reply memorandum, Plaintiff does not object to payment of attorney fees under the EAJA

directly to him, rather than to his counsel.

Finally, although not challenged by the Commissioner, the court concludes that the attorney fees sought by Plaintiff are reasonable.

## <u>CONCLUSION AND ORDER</u>

Based on the foregoing, Plaintiff's motion for attorney fees pursuant to the EAJA[11] is **GRANTED**.  The Commissioner shall pay Plaintiff an award of attorney fees under the EAJA of $4919.19, but that award shall be payable directly to Plaintiff, not to his counsel.

**IT IS SO ORDERED**.

DATED this 3rd day of November, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[11] *See* docket no. 29.