FILED
2021 DEC 20 PM 3:13
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CHARLES IORG,<br><br>      Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZ, Commissioner of Social Security,<br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PETITION AND MEMORANDUM FOR 406(b) FEES (DOC. NO. 36)**<br><br><br>Case No. 2:13-cv-00199<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is attorney Natalie Bolli-Jones's ("Counsel") Petition and Memorandum for 406(b) fees, ("Petition," Doc. No. 36). Counsel seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $7,789.00. This figure represents twenty-five percent of the past-due Social Security benefits awarded to her client, Plaintiff Charles Iorg—minus $5,075.00 already paid for work done at the administrative level after the court remanded this case to the Commissioner of Social Security for further proceedings. (*See id.*) For the reasons addressed below, the court GRANTS the petition.

<u>BACKGROUND</u>

On March 6, 2013, Mr. Iorg hired Counsel, who is an attorney with the Law Office of Jay Barnes, on a contingent-fee basis to represent him in his claims against the Social Security Administration ("SSA"). (Aff. of Natalie Bolli-Jones in Support of [Petition] for 406(b) Fees ("Bolli-Jones Aff.") ¶ 1, Doc. No. 36-1; Ex. A to Bolli-Jones Aff., Fee Agreement, Doc. No. 36-2.) In the written contingent-fee agreement, Mr. Iorg and Counsel agreed that the

contingency fee would be twenty-five percent of the past-due benefits awarded to Mr. Iorg. (Bolli-Jones Aff. ¶ 3, Doc. No. 36-1; Ex. A to Bolli-Jones Aff., Fee Agreement, Doc. No. 36-2.)

On June 23, 2014, the court remanded the case to the Commissioner for further proceedings.  (Mem. Decision and Order, Doc. No. 27.)  After the court's decision, Mr. Iorg sought $4,919.19 in attorney's fees under the Equal Access to Justice Act ("EAJA").  (Pet. and Mem. for EAJA Attorney's Fees, Doc. No. 29.)  The court granted the petition and awarded Mr. Iorg the requested amount of $4,919.19 in EAJA fees.  (Mem. Decision and Order, Doc. No. 32.)

After the case was remanded, the SSA awarded Mr. Iorg $51,456.00 in past-due benefits. (Bolli-Jones Aff. ¶ 4, Doc. No. 36-1.)  The SSA withheld $12,864.00 from this award, equal to twenty-five percent of the past-due benefits, and paid Counsel $5,075.00 for work done at the administrative level.  (Bolli-Jones Aff. ¶ 5, Doc. No. 36-1; Ex. C to Bolli-Jones Aff., Notice of Award 3, Doc. No. 36-4.)

On November 12, 2021, Counsel filed this petition asking the court to authorize, pursuant to 42 U.S.C. § 406(b), payment of $7,789.00 in fees for her representation of Mr. Iorg in this court.  (*See* Pet., Doc. No. 36.)  This amount represents twenty-five percent of the past-due benefits minus the administrative fee award of $5,075.00.  (Bolli-Jones Aff. ¶ 6, Doc. No. 36-1.) The itemized statement Counsel submitted indicates she spent 28.1 hours working on Mr. Iorg's case in this court.  (Ex. B to Bolli-Jones Aff., Itemized Billing Statement, Doc. No. 36-3.) Counsel further indicates that the $4,919.19 EAJA fee award would be refunded to Mr. Iorg upon payment of the requested fee amount under 42 U.S.C. § 406(b).  (Bolli-Jones Aff. ¶ 5, Doc. No. 36-1.)

The petition states that Counsel provided a copy of the petition and all supporting papers to Mr. Iorg and notified him of his right to object.  (Pet. 2, Doc. No. 36.)  Mr. Iorg has not

objected to the fee request.  The Commissioner filed a response stating she takes no position on Counsel's request for section 406(b) fees.  (Def.'s Resp. to Pl.'s Pet. and Mem. for 406(b) Fees 2, Doc. No. 38.)  However, the Commissioner requested the court only authorize an award of fees under section 406(b) rather than ordering direct payment, and explained the SSA's policy is to make direct payment to the attorney, if possible.  (*Id.* at 2–3.)  The Commissioner also noted that because other types of attorney fees may be awarded and paid from past-due benefits, the amount of a court-authorized fee award under section 406(b) may exceed the total amount of withheld past-due benefits in the agency's possession.  (*Id.*)  In such a circumstance, the Commissioner asserts Counsel must collect the difference from the claimant.  (*Id.* at 3.)  Counsel did not file a reply.

<u>DISCUSSION</u>

Section 406(b) provides that an attorney who successfully represents a Social Security claimant may be awarded "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits."  42 U.S.C. § 406(b)(1)(A).  In *Gisbrecht v. Barnhart*, the Supreme Court indicated that section 406(b) requires district courts to review contingent-fee agreements "as an independent check, to assure that they yield reasonable results in particular cases."  535 U.S. 789, 807 (2002).  The Court noted that within the twenty-five percent boundary set by Congress, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Id.*  District courts, which "are accustomed to making reasonableness determinations in a wide variety of contexts," must assess the reasonableness of the contingent-fee agreement and may reduce the amount of fees where warranted.  *Id.* at 808.  The Court provided several examples of what would cast doubt on the reasonableness of the contingent-fee agreement and merit a reduced fee.  First, the fee award may be reduced when "the character of

the representation and the results the [attorney] achieved" were at issue. *Id.* Second, "[i]f the attorney is responsible for delay . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.* Third, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.*

Here, Counsel's fee request does not exceed the twenty-five percent threshold. Nevertheless, pursuant to *Gisbrecht*, the court will examine whether the fee request is reasonable. First, upon review of the record in this case, the character of Counsel's representation of Mr. Iorg and the results achieved were not substandard. Mr. Iorg's Opening Brief, (Doc. No. 20), was well-written, concise, and clearly identified the questions presented to the court. Moreover, Counsel's work in this court resulted in remand of the case to the Commissioner, and a significant award of past-due benefits for Mr. Iorg at the administrative level.

Further, there is no indication Counsel delayed in resolving Mr. Iorg's claims. According to the contingent-fee agreement, Mr. Iorg retained Counsel on March 6, 2013. (Ex. A to Bolli-Jones Aff., Fee Agreement, Doc. No. 36-2.) Mr. Iorg filed his Petition for Review on March 21, 2013, (Doc. No. 3). Mr. Iorg diligently proposed a case schedule, (Doc. No. 18), which the court adopted, (Doc. No. 19). Mr. Iorg did not request any extensions of time during the course of the litigation. The court issued its Memorandum Decision and Order remanding the case to the Commissioner on June 23, 2014, (Doc. No. 27). Thus, nothing in the record before this court indicates Counsel delayed pursuing Mr. Iorg's claims in an effort to profit from the accumulation of past-due benefits. Therefore, there is no reason to reduce Counsel's award on this basis.

Next, the court may reduce the attorney's fee award if the benefits are large compared to the amount of time Counsel spent on the case. In this case, Counsel represents she spent 28.1 hours pursuing Mr. Iorg's claims before this court. (Ex. B to Bolli-Jones Aff., Itemized Billing Statement, Doc. No. 36-3.) A section 406(b) fee award in the amount of $7,789.00 would translate to an hourly rate of approximately $277.19 per hour. This is a reasonable rate for Counsel's representation of Mr. Iorg in federal court. This is particularly true given that Counsel assumed the risk of not receiving any fees under the contingent-fee agreement in the event past-due benefits were not awarded and, without Counsel's efforts in this court, Mr. Iorg would not have been awarded past-due benefits at the administrative level. *See Faircloth v. Barnhart*, 398 F. Supp. 2d 1169, 1174 (D.N.M. 2005) (finding section 406(b) attorney fee award translating to an hourly rate of $510.25 reasonable, particularly "when that fee is considered in conjunction with a Social Security lawyer's risk of loss").

Finally, Counsel's petition is unopposed. Neither Mr. Iorg nor the Commissioner have objected to the $7,789.00 fee award requested by Counsel. The fact that no objections have been lodged is further evidence that the requested fees are reasonable and warranted.

Based on the Commissioner's response, the court will authorize an award of fees in the requested amount rather than ordering direct payment. Any total exceeding the amount of benefits withheld by the SSA must be recovered from the claimant directly. The Commissioner's position on this issue is well-supported and uncontested by Counsel. *See Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008) ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court [under section 406(b)], the attorney must look to the claimant, not the past-due benefits, to recover the difference.").

<u>CONCLUSION</u>

For the reasons explained above, the requested fee is reasonable under the contingent-fee agreement between Counsel and Mr. Iorg. Therefore, the court authorizes a section 406(b) fee award of $7,789.00 to Counsel, which represents twenty-five percent of Mr. Iorg's past-due benefits ($12,864.00), less payments already made to Counsel for work at the administrative level in the amount of $5,075.00. In addition, because fees have been awarded under both section 406(b) and the EAJA, Counsel must refund the lesser of the two fees to Mr. Iorg (which in this case, are those fees awarded under the EAJA). *See Gisbrecht*, 535 U.S. at 796 (recognizing that "[f]ee awards may be made under both [EAJA and section 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee." (internal quotation marks and alteration omitted)).

Accordingly, the court ORDERS as follows:

1.      Counsel's Petition for 406(b) Fees (Doc. No. 36) is GRANTED. Counsel is awarded section 406(b) fees in the amount of $7,789.00, payable to the Law Office of Jay Barnes at P.O. Box 550, St. George, UT 84771.

2.      Counsel must refund to Mr. Iorg the previous EAJA fee award of $4,919.19 upon payment of the section 406(b) award.

DATED this 20th day of December, 2021.

BY THE COURT:

*Daphne A. Oberg*

Daphne A. Oberg
United States Magistrate Judge